**Paul E. SMITH, Jr., Appellant,**

v.

**UNITED PARCEL SERVICE, INC., and Local Union No. 505, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Appellees.**

No. 84–2147.

United States Court of Appeals, Fourth Circuit.

Argued June 7, 1985.

Decided Aug. 26, 1985.

Geary M. Battistelli, Wheeling, W.Va. (Beneke & Bremer Law Offices, Wheeling, W.Va., on brief), for appellant.

Ray L. Hampton, II, Huntington, W.Va., Charles M. Surber, Jr., Charleston, W.Va. (Barrett, Chafin, Lowry & Hampton, Huntington, W.Va., Charles Q. Gage, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief), for appellees.

Before WINTER, Chief Judge, and WIDENER and CHAPMAN, Circuit Judges.

CORRECTED OPINION

HARRISON L. WINTER, Chief Judge.

On December 20, 1983, plaintiff sued defendants in a West Virginia state court alleging that his employer had breached the applicable collective bargaining agreement in discharging him and that the union had not fulfilled its duty of fair representation in asserting his rights in the grievance

procedure under the collective bargaining agreement. The discharge took place on December 24, 1981, and the final step in the grievance procedure was completed on February 22, 1982. Thus the suit was filed approximately two years after the discharge and twenty-two months after completion of the grievance procedure.

Both defendants joined in removal of the case to the district court. There, both sought and were granted summary judgment on the ground that plaintiff's action was barred by limitations. Plaintiff appeals and we affirm.

The outcome of this appeal is controlled by *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which was decided on June 8, 1983. It held that the six-month limitations period in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), governs a suit by an employee against his employer and his union alleging that the employer breached a provision of a collective bargaining agreement and that the union breached its duty of fair representation in the handling of the resulting grievance.

We see no problem of retroactive application of *DelCostello*. Plaintiff waited more than six months after *DelCostello* was decided before bringing suit. We also perceive no basis on which it may be decided that the six-month period was tolled.

*DelCostello* thus requires affirmance. Even had the district court received plaintiff's untimely affidavits in opposition to summary judgment, the controlling effect of *DelCostello* would not have been altered.

AFFIRMED.